IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

ROGER SHELTON JR.,

        Plaintiff,

v.                                                          CIVIL ACTION NO. 2:10-cv-00247

MICHAEL J. ASTRUE,
Commissioner of Social Security,

        Defendant.

**ORDER**

      Before the Court is Plaintiff Roger Shelton, Jr.'s Complaint seeking review of the decision of the Commissioner of Social Security [Docket 2]. By Standing Order entered August 1, 2006, and filed in this case on March 8, 2010, this action was referred to United States Magistrate Mary E. Stanley for submission of proposed findings and a recommendation (PF&R). Magistrate Judge Stanley filed a PF&R [Docket 13] on March 10, 2011, recommending that this Court affirm the final decision of the Commissioner and dismiss this matter from the Court's docket.

      The Court is not required to review, under a de novo or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. *Thomas v. Arn*, 474 U.S. 140, 150 (1985). Failure to file timely objections constitutes a waiver of de novo review and the Petitioner's right to appeal this Court's Order. 28 U.S.C. § 636(b)(1); *see also Snyder v. Ridenour*, 889 F.2d 1363, 1366 (4th Cir.1989); *United States v. Schronce*, 727 F.2d 91, 94 (4th Cir. 1984). In addition, this Court need not conduct

a de novo review when a party "makes general and conclusory objections that do not direct the Court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). Objections to the PF&R in this case were due on March 28, 2010, and were filed on March 23, 2011. (Docket 14.) The Commissioner responded in opposition to Plaintiff's objections on April 5, 2011. (Docket 15.)

Plaintiff's sole objection asserts that "[t]he Commissioner erred in finding that there is adequate evidence to support the ALJ's RFC assessment and in asserting that the medical evidence of record provided adequate evidence for the ALJ to find that Plaintiff was not disabled." (Docket 14.)[*] The only portion of the PF&R to which Plaintiff assigns specific error reads as follows:

> Dr. Blair was able to render an opinion at the administrative hearing about Claimant's impairments and their impact on Claimant's residual functional capacity. He did not indicate that the evidence was insufficient such that he could not testify about these issues. Rather, Dr. Blair, a neuropsychologist, took issue with Mr. Vecchio's diagnoses because they were unsupported by diagnostic testing. He testified that Claimant was a "little bit over diagnosed . . . ." (Tr. at 50-51.) While he stated that he "*would really like to do ... personality testing like the MMPI and find out more about what's the voracity of this and then kind of what's, what's in it,*" the context of his comment makes clear that he was not describing a need for further development of the record, but instead, was making a statement about the fact that the evidence of record did not warrant Mr. Vecchio's diagnoses.

(Docket 13 at 12-13 (emphasis added).) Plaintiff argues that Dr. Blair's comment could be construed as a suggestion to further develop the record, and "[t]he ALJ erred in not further developing the claimant's record by ordering further testing including an MMPI as suggested." (Docket 14 at 2.)

---

[*] Not for the first time, the Court reminds Plaintiff's counsel that a *Magistrate Judge* writes the PF&R, not the *Commissioner*. This inexplicable error, which counsel has now repeated myriad times before this Court, is unacceptable. However, as counsel at least cited to portions of the PF&R while making this misworded objection, the Court will conduct a *de novo* review.

2

Contrary to Plaintiff's assertions, the transcript of the administrative hearing clearly shows that Dr. Blair's statement concerning more testing was in reference to the lack of basis for Dr. Vecchio's "over" diagnoses of Plaintiff. (Docket 9 at 54-55 ("I would really like to do, you know, personality testing like the MMPI and find out more about what's the voracity of this and then kind of what's, what's, what's in it, but we don't have that, so we're, we're a little bit over diagnosed here.").  As noted by both the Commissioner and Magistrate Judge Stanley, Dr. Blair only referenced the MMPI in the context of discussing how Dr. Vehicco had "extrapolated beyond belief" in diagnosing Plaintiff. (*Id.* at 54.)  As such, the Court agrees with the PF&Rs characterization of Dr. Blair's MMPI comment as "not describing the need for further development of the record, but instead, making a statement about the fact that the evidence of record did not warrant Mr. Vecchio's diagnosis."  (Docket 13 at 13.)  Importantly, Dr. Blair was able to render an opinion concerning Plaintiff's impairments based on the evidence of record and never indicated that the record was in any way insufficient.  (*Id.* at 12.)

As the PF&R notes, the record of Plaintiff's mental impairments was otherwise sufficient to determine disability:

> The Commissioner referred Claimant for a consultative medical examination by Dr. Vecchio, two state agency medical sources reviewed the medical evidence of record and completed Psychiatric Review Technique forms and a Mental Residual Functional Capacity Assessment, Claimant received treatment at Process Strategies and Dr. Blair testified at the administrative hearing.

(*Id.* at 12.)  Accordingly, the Court **FINDS** that the ALJ did not err in his duty to develop the record in this matter, and **OVVERRULES** Plaintiff's objection.

As the Commissioner's decision was supported by substantial evidence, the Court **ADOPTS** the PF&R [Docket 13], **DISMISSES** Plaintiff's Complaint [Docket 2], and **DISMISSES** this case

3

from the docket. A separate Judgment Order will enter this day implementing the rulings contained herein.

**IT IS SO ORDERED.**

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER: July 19, 2011

_____
THOMAS E. JOHNSTON
UNITED STATES DISTRICT JUDGE